UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CERTIFIED COLLECTIBLES GROUP,
LLC, a Florida limited liability company,
and CERTIFIED GUARANTY COMPANY,
LLC, a Florida limited liability company,

    Plaintiffs,

v.                                               Case No. 8:24-cv-0301-KKM-AAS

BRANDON TERRAZAS and
AYANA TERRAZAS,

    Defendants.
_____

# ORDER

The parties jointly filed a "request to reopen dismissed action for entry of final judgment and order," which I construe as a motion for a stipulated final judgment. Motion for Final Judgment (Doc. 62). The motion requests that the Court retain jurisdiction to enforce a stipulated permanent injunction (referred to interchangeably as a "consent judgment"). *See id*.; Stipulated Injunction (Stip. Inj.) (Doc. 62-1). The stipulated injunction would permanently prohibit Defendants Brandon Terrazas and Ayana Terrazas from a variety of actions, including using imitation "CGC Marks" on their goods. *Id.* ¶ 2.

The motion for entry of stipulated injunction is denied without prejudice for two reasons. First, the parties have not set forth facts that warrant the injunctive relief sought. Second, the proposed injunction's terms are too vague to be effectively enforced by coercive contempt.

Without any factual predicate, the Court cannot order the injunction sought. Article III limits the judicial power to cases and controversies, which requires that litigants demonstrate standing to sue. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016). A district court cannot "enter [a] consent [judgment] . . . that provide[s] relief that the district court lacks the power to grant," *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1258 (11th Cir. 2023), "[consent of the parties,] or not," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, C. J., concurring)).

"[B]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if his injury in fact is a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Williams*, 65 F.4th at 1253 (internal quotation marks omitted) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). In other words, a plaintiff must show a risk of future injury that is "certainly impending" to seek injunctive relief. *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 414 & n.5 (2013). For consent judgments that include injunctive relief, a court must make a "determination

2

that the proposal represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation." *Stovall v. City of Cocoa*, 117 F.3d 1238, 1242 (11th Cir. 1997) (quoting *United States v. City of Miami*, 664 F.2d 435, 441 (Former 5th Cir. 1981) (en banc) (Rubin, J., concurring in the per curiam judgment)).

Here, although the proposed injunction asserts that one of the defendants unlawfully converted CGC property and misused CGC's trademarks, *see* Stip. Inj. ¶ 1, the parties never admit those facts directly nor have the parties offered any evidence to support a finding that the plaintiffs face an imminent risk of future injury that is "certainly impending." *Clapper*, 568 U.S. at 414. And that proposed injunction language only refers to one of the defendants. Without a factual predicate to demonstrate standing for an injunction, Article III does not permit an injunction against the defendants. Additionally, a party seeking a permanent injunction must show that "(1) [] he has prevailed in establishing [a] violation of the right asserted in his complaint; (2) there is no adequate remedy at law for violation of this right; and (3) irreparable harm will result if [the] court does not order injunctive relief." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005). That showing has not been made here.

The second problem concerns whether the proposed injunction's terms amount to an "obey-the-law" injunction and are otherwise too vague to be effectively enforced by

3

coercive contempt. Consent judgment or not, a district court must abide by Rule 65(d)'s "requirement that injunctions state their terms specifically and 'describe in reasonable detail' the 'act or acts restrained or required' " in determining whether to enter proposed injunctive relief. *United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1361 (11th Cir. 2019) (quoting FED. R. CIV. P. 65(d)); *see also SEC v. Goble*, 682 F.3d 934, 948–52 (11th Cir. 2012). The Eleventh Circuit's strict adherence to Rule 65(d) is "designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Goble*, 682 F.3d at 950 (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam)).

The prohibitions are not described in enough detail to allow the Court to enforce the relief by coercive contempt should compliance issues arise. There are many operative terms that are all undefined, leaving open a multitude of possible interpretations. Stip. Inj. ¶ 2 ("false designation;" "otherwise dealing;" "colorable imitation;" "confusion, deception or mistake;" "false description"). The prohibitions appear largely predicated on trademark law since the prohibition extends to any imitation of "CGC Marks," but the stipulated injunction does not specify which CGC Marks the parties are referring to, nor what the phrases "copy or colorable imitation of the CGC Marks" or "authenticated CGC-grade labels" mean. *Id.* Without identifying what information constitutes the marks that the

4

defendants are barred from using or what exactly the prohibited actions are, the Court is left in an untenable position if forced to determine whether coercive contempt is warranted. *Chandler v. James*, 180 F.3d 1254, 1274 n.20 (Tjoflat, J., specially concurring); *see also Goble*, 682 F.3d at 949. Simply put, the proposed injunction lacks the specificity required by the Eleventh Circuit and Rule 65(d).

The parties have possible courses of action. They may, for example, cure the above deficiencies and file an amended motion for a consent judgment, file a joint stipulation dismissing the action under Federal Rule 41(a)(1)(a)(ii) predicated on a private settlement contract, or move to voluntarily dismiss the action with prejudice under Rule 41(a)(2).

Accordingly, the parties' Motion for Final Judgment (Doc. 62) is **DENIED without prejudice.** If the parties wish to take any of the above listed actions, they must do so no later than **March 28, 2025**.

**ORDERED** in Tampa, Florida, on February 28, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

5